ARKANSAS STATE HIGHWAY COMM'N *v.*
MARY RAINES JOHNSON ET AL

5-5075                                    448 S. W. 2d 36

Opinion delivered December 22, 1969

*Thomas Keys* and *Virginia Tackett,* for appellant.

*Graves & Graves,* for appellees.

Conley Byrd, Justice. The Arkansas State Highway Commission appeals from a verdict and judgment of $5,300 for a taking of 24.09 acres from 334.9 acres owned by appellees Mary Raines Johnson and the heirs of the D. H. Raines Estate for interstate highway construction in Hempstead County.

Initially appellant condemned 11.06 acres of appellees' land and by amendment increased the taking to 24.09 acres, to accommodate rest areas on the interstate highway. At the time of the taking, all of appellees' 334 acres was subject to a timber contract covering all timber eight inches and over. Appellant, not wanting the timber cut on the proposed rest areas, contracted to pay the timber contractor the value of the uncut timber. It was stipulated at trial that the before and after valuations would be based on the assumption that all timber eight inches and above had been cut and removed at the time of taking.

For reversal appellant relies on the following points:

"I. The opinion of Dorsey McRae, appellees' only value witness, was based on erroneous assumption and not upon fact, and his testimony should have been struck upon appellant's motion.

II. There is no substantial evidence to support the verdict."

Appellant's first point is two-pronged, *i. e.,* (1) Mr. McRae valued the property as though the timber

had not been removed, and (2) he erroneously damaged part of the property, referred to as Tract 2, as being landlocked because the access was destroyed. So far as Mr. McRae's value testimony is concerned, a careful review shows that he consistently based his valuations on the assumption that timber eight inches and over had been removed. Appellant's complaint with reference to McRae's testimony arises out of the following question and answer:

"Q. This is cut over timber land?

A. No, it's not all. No, you've got some there that you found a little later and took for a park, which I guess is the prettiest land on the highway, that ain't cut over."

We do not interpret Mr. McRae's answer as being an assertion that he valued the land on the basis with the timber in place, but rather a truthful answer to the question asked. For this reason we hold this contention without merit.

The access to the land referred to as Tract 2 had been by a road from the southernmost part of the property, which road was completely severed by the controlled-access interstate. Shepherd Road, which was made into an overpass over the interstate, crosses the southwestern corner of Tract 2. The taking in fee included .09 acre for straightening or widening Shepherd Road. The highway department fenced its right of way along Shepherd Road and the approaches to the overpass. McRae ascribed $2,000 as damage to Tract 2 for loss of access. Appellant argues that McRae's testimony is valueless because he did not study appellant's plans and specifications and thus determine that the fenced approach was not a controlled access area, insinuating that the landowners could have access through this fenced area, as appellant's appraiser testified. This argument is without merit. This court has recently con-

sidered the effect of a fee simple taking on the matter of access and specifically held:

"We hold that a fee simple taking under Act 419 [Ark. Stat. Ann. § 76-544 (Repl. 1957)] places the predominant control of all lands within the right-of-way in the Commission; that the utilization of the acquired property for highway purposes and for such purposes as are delegated to political subdivisions and utilities will as a matter of law take precedence over all other uses; and that Mrs. Wallace's [the landowner's] use of the highway for going in and out of her property can reasonably be expected to be affected.

. . ."From what has been said it is apparent that the nature of Mrs. Wallace's access may well be substantially impaired; certainly the right of ingress and egress was not established as a matter of law." *Ark. State Highway Comm'n* v. *Wallace,* 247 Ark. handed down Sept. 22, 1969, 444 S. W. 2d 685.

On the question of substantiality of the evidence, Mr. McRae's testimony of $7,000 was sufficient to support the jury verdict of $5,300.

Affirmed.